UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                         Criminal No. 12-235 (1) (JNE/LIB)
                                                                  ORDER

Thomas Phillip Sayers,

        Defendant.

This case is before the Court on a Report and Recommendation issued by the Honorable Leo I. Brisbois, United States Magistrate Judge, on January 18, 2013. The magistrate judge recommended that this Court deny Defendant's Motion to Dismiss the Indictment Because of Unnecessary and Prejudicial Pre-Indictment Delay. Defendant objected to the Report and Recommendation, and the Government responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation.

On October 5, 2011, Defendant Thomas Sayers allegedly assaulted Christopher Erickson on the Red Lake Indian Reservation. The next day, Erickson told the Red Lake Police that Nola Parkhurst, Sayers's girlfriend, was present when Sayers assaulted Erickson. Several days later, FBI Special Agent Joe Ogden was informed of the assault. Ogden requested police reports—which the FBI received on November 30, 2011—attempted to obtain medical records, and attempted to contact Parkhurst for an interview. However, Ogden was unable to contact Parkhurst, and she died on February 26, 2012, at the age of 42. The cause of Parkhurst's death is not revealed in the record, but Ogden's supervisor testified before the magistrate judge that the cause of Parkhurst's death was "unrelated to this instant case." In May 2012, Erickson's 8-year-

old daughter told a forensic nurse in an interview witnessed by Ogden that she has seen Sayers "beat [Erickson] up." After that interview, Ogden officially opened an FBI investigation into the assault. In August 2012, Ogden received Erickson's medical records and thereafter presented the case to the U.S. Attorney's office. The Government presented the case to the grand jury on October 1, 2012, and the grand jury returned the indictment in this case, which charges Sayers with assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a).

Sayers moved to dismiss the indictment because of unnecessary and prejudicial pre-indictment delay. An evidentiary hearing was held before the magistrate judge on December 21, 2012. At the hearing, Sayers called Parkhurst's mother. Parkhurst's mother testified that sometime after the fight Parkhurst told her that Erickson had started the fight and that Sayers was defending himself. The Government called Ogden's supervisor, who testified about the history of the case.

The Report and Recommendation states that for a defendant to prove a violation of his due process rights because of pre-indictment delay, he must establish (1) that the delay resulted in actual and substantial prejudice and (2) that the government intentionally delayed the indictment to gain a tactical advantage or to harass the defendant. The Report and Recommendation concludes that Sayers had shown actual and substantial prejudice because Parkhurst, the only other witness who could have corroborated Sayers's self-defense theory, was unavailable. The magistrate judge determined, however, that Sayers did not show that the Government delayed in bringing the indictment to gain a tactical advantage or to harass Sayers. Consequently, the magistrate judge recommended denying Sayers's motion.

Neither party objected to the magistrate judge's conclusion that Sayers was prejudiced. Therefore, the Court turns to second prong of the analysis. Sayers raises two objections. He argues first that the magistrate judge improperly allocated to Sayers the burden of establishing that the government's delay was for an improper purpose. Second, he argues that his due process rights were violated because the Government did not produce Ogden at the December 21, 2012 hearing.

As to the first objection, Sayers argues that the Eighth Circuit places on the government the burden to prove that the pre-indictment delay was for legitimate reasons. In first section of his analysis in his post-hearing memorandum to the magistrate judge, Sayers acknowledged that he had the burden to prove prejudice but was silent on who had the burden to prove that the government delayed intentionally and for impermissible reasons. Near the end of the analysis, Sayers baldly asserted that because Ogden had not testified at the December 21 hearing, the government had failed to carry its burden to show that the delay was for a legitimate reason. In his objections to the Report and Recommendation, Sayers cites for support a single case, *United States v. Benshop*, 138 F.3d 1229 (8th Cir. 1998), which did not discuss the defendant's burden on the government-delay prong at all. *Benshop* stands for the unremarkable proposition that under certain circumstances, "the government may be required to show that the delay was for investigative purposes or some other legitimate reason." 138 F.3d at 1233. But the Eighth Circuit, in fact, has consistently placed the burden on the *defendant* to establish that the government's delay was intentional and for impermissible reasons. *See United States v. Davis*, 690 F.3d 912, 921 (8th Cir. 2012) ("To establish a violation of his due process rights, Davis [i.e., the defendant] must prove (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to

gain a tactical advantage or to harass him." (quotation omitted)); *accord United States v. Gladney*, 474 F.3d 1027, 1030 (8th Cir. 2007); *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006); *United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006); *United States v. Skinner*, 433 F.3d 613, 616 (8th Cir. 2006); *United States v. Vinson*, 414 F.3d 924, 929 (8th Cir. 2005); *United States v. Grap*, 368 F.3d 824, 829 (8th Cir. 2004); *United States v. Farmer*, 312 F.3d 933, 936 (8th Cir. 2002); *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002); *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000); *United States v. Edwards*, 159 F.3d 1117, 1128 (8th Cir. 1998); *United States v. Scoggins*, 992 F.2d 164, 167 (8th Cir. 1993); *United States v. Meyer*, 906 F.2d 1247, 1251 (8th Cir. 1990); *United States v. Marchant*, 774 F.2d 888, 892 n.3 (8th Cir. 1985); *United States v. Reed*, 733 F.2d 492, 506 (8th Cir. 1984); *United States v. Carlson*, 697 F.2d 231, 236 (8th Cir. 1983); *United States v. Wells*, 702 F.2d 141, 143 (8th Cir. 1983); *United States v. Jackson*, 714 F.2d 809, 811 (8th Cir. 1983); *United States v. Pajari*, 715 F.2d 1378, 1384 (8th Cir. 1983); *United States v. Matlock*, 558 F.2d 1328, 1330 (8th Cir. 1977). The magistrate judge correctly allocated to Sayers the burden of establishing that the government intentionally delayed the indictment to gain tactical advantage or to harass Sayers.

Here, there is no evidence that the one-year delay between the assault and the indictment was for an improper purpose.[1] *See United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir. 1986) ("Where actual prejudice is established, the court must balance the reasons for the delay against the resulting prejudice.") The undisputed evidence at the hearing showed that the reason for the delay between the time of the assault and the indictment was Ogden's investigation. Ogden attempted to contact Parkhurst before her death, but he was unsuccessful. There is no evidence

---

[1] Notably, the Government brought the indictment well before the statute of limitations expired. *See Jackson*, 446 F.3d at 849 (noting that "statutes of limitations provide the primary guarantee against delay prior to indictment"); 18 U.S.C. § 3282(a) (setting forth general five-year statute of limitations for non-capital crimes).

that the Government knew that Parkhurst, a 42-year-old woman, would die in February 2012. There is no evidence about the cause of her death or whether it came with or without warning. Although Ogden received police records and attempted to contact Parkhurst before her death, he did not open an FBI investigation until May 2012, when Erickson's daughter stated in an interview that she had seen Sayers beating Erickson. Sayers did not present in the December 21 hearing any evidence showing that the Government delayed for an improper purpose. In his objections to the Report and Recommendation, Sayers does not point to any evidence showing, or even suggesting, that the Government delayed for an improper purpose. Because of this complete lack of evidence, Sayers failed to carry his burden of establishing the Government delayed intentionally and for improper purposes.

As to the second objection, Sayers argues that the Government denied Sayers his due process rights by having Ogden's supervisor, rather than Ogden, testify at the evidentiary hearing. Several weeks before the evidentiary hearing, the Government informed Sayers that Ogden would testify at the hearing. However, three days before the hearing, the Government informed Sayers that Ogden's supervisor would testify instead.[2] Sayers did not move for a continuance of the hearing, nor did he seek to compel Ogden's presence with a subpoena. Sayers cannot now complain that the Government deprived him of his due process rights when he made no effort to secure Ogden's presence at the hearing.

Based on its review of the record, and for the reasons stated above, the Court adopts the Report and Recommendation. Therefore, IT IS ORDERED that:

---

[2] At the December 21 hearing, Sayers objected to the testimony of Ogden's supervisor, arguing that it was based on hearsay. But as the Report and Recommendation correctly noted, the Federal Rules of Evidence do not apply to the December 21 pretrial hearing. *See* Fed. R. Evid. 104(a); Fed. R. Evid. 1101(d) (discussing when rules apply).

1. Defendant's Motion to Dismiss the Indictment Because of Unnecessary and Prejudicial Pre-Indictment Delay [Docket No. 31] is DENIED.

Dated:  February 20, 2013

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge